# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| AMBER GLASSFORD, | ) | CASE NO. 5:24-cv-1941 |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| vs. | ) | |
| | ) | |
| | ) | |
| MELISSA BRITO, *et al.*, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Amber Glassford ("Glassford") filed this action under 42 U.S.C § 1983 against her former landlords Melissa and Wellington Brito, Canton City Police Officers Jason Staten, Trenton Abel, Blake Montgomery, Cole Wilson, Adam Little, Kyle Slone, and Stephen Shackle, and the Canton City Police Department. She asserts claims under the Fourth and Fourteenth Amendments and seeks monetary damages. (Doc. No. 1 (Complaint), at 5, 13–14 .)[1] For the reasons discussed herein, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Glassford also filed a motion to proceed *in forma pauperis*. (Doc. No. 2 (Motion to Proceed In Forma Pauperis).) That motion is granted.

---

[1] Page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

I. **BACKGROUND**

Glassford's complaint contains few facts. (*See generally* Doc. No. 1.) She alleges that her former landlord Melissa Brito initiated an eviction action against her in the Canton Municipal Court on November 8, 2022. *See Brito v. Glassford*, No. 2022-CVG-05119 (Canton Mun. Ct. filed Nov. 8, 2022). The Municipal Court Judge granted a writ of restitution on December 6, 2022. *Id.* Glassford asked the court to stay the writ, but her request was denied on December 12, 2022. *Id.*

On March 7, 2023, Melissa and Wellington Brito had Glassford removed from the property. (Doc. No. 1, at 13.) Glassford contends she was still residing at the property despite the issuance of the writ of restitution three months earlier because the writ of restitution had not been legally completed. (*Id.*) She alleges that Officers Staten, Abel, Montgomery, Wilson, Little, and Slone arrived at the property and arrested her for criminal trespass. (*Id.*) She states that the officers did not verify that the eviction process was complete or that a set-out date had been scheduled. (*Id.*)

Glassford does not provide any information regarding the subsequent criminal proceedings against her. The Canton Municipal Court docket in *State of Ohio v. Glassford,* 2023-CRB-01061 (Canton Mun. Ct. filed Mar. 8, 2023) indicates Glassford entered a plea of no contest to criminal trespass, a fourth-degree misdemeanor, on May 11, 2023. The court found her guilty of the charge and sentenced her to thirty days in jail plus court costs. *Id.* The court suspended the jail sentence on the condition of Glassford's good behavior for two years. *Id.*

On April 13, 2023, Glassford filed a motion for a temporary restraining order in the eviction action, asked the court to allow her access to the property. *Brito*, No. 2022-CVG-05119. The court set that motion for hearing on April 26, 2023. *Id.* On April 26, 2023, the judge presiding over the

eviction action conducted a hearing on Glassford's request for a temporary restraining order and access to the property. *Id.* At that time, the court determined that Brito had unintentionally failed to take proper steps for a formal set-out and did not pay the set-out fee after the court issued the writ. *Id.* The court, however, denied the motion and stated that Glassford was not granted permission to access the property. *Id.*

Glassford claims that the officers and her former landlords used their authority under Ohio law and local ordinances to unlawfully remove her from the property and arrest her in violation of the Fourth Amendment and the Fourteenth Amendment of the United States Constitution. (Doc. No. 1, at 10.) She asserts that Melissa and Wellington Brito initiated an improper eviction process and failed to comply with Ohio eviction laws. (*Id.*) She claims Officer Staten arrested her for criminal trespass, Officers Abel, Wilson, and Slone participated or helped in the arrest, and Officers Montgomery and Little used positions of power to assist in her arrest. (*Id.* at 10–11.) She claims that Officer Shackle is the reviewing officer and failed to ensure that her arrest was based on a valid and legally completed eviction. (*Id.* at 12.) Finally, she states that the Canton Police Department is responsible for policies and lack of training that resulted in her arrest. (*Id.*)

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L.Ed.2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L.Ed.2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d

194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. A plaintiff need not include detailed factual allegations, but must provide more than an unadorned, the defendant unlawfully harmed me accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. The Court construes the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

**III.    ANALYSIS**

Glassford brings claims under 42 U.S.C. § 1983 for violation of her Fourth and Fourteenth Amendment rights. (Doc. No. 1, at 10.) To establish a *prima facie* case under 42 U.S.C. § 1983, Glassford must assert that a person acting under color of state law deprived her of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L.Ed.2d 420 (1981).

Generally, to have acted "under color of state law," the defendant must be a state or local government official or employee. But Melissa and Wellington Brito are private citizens. A private

party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or . . . obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L.Ed.2d 482 (1982). The principal inquiry to be undertaken in determining whether a private party's actions constitute "state action" under the Fourteenth Amendment is whether the party's actions may be "fairly attributable to the State." *Id.* at 937. Glassford alleges that the Britos "acted under color of state law by participating in the eviction process." (Doc. No. 1, at 10.) But simply participating in litigation does not make a private citizen a "co-conspirator" or "joint actor" with the state. *Dennis v. Sparks*, 449 U.S. 24, 28, 101 S. Ct. 183, 66 L.Ed.2d 185 (1980). Likewise, the Britos' involvement in the execution of the writ of restitution also does not qualify as state action, and their request for assistance from Canton Police cannot by itself convert their actions against Glassford into state action. *See Lansing v. City of Memphis*, 202 F.3d 821, 833 (6th Cir. 2000) ("neither the supply of police officers to help enforce [private actor defendant's] decision to remove Lansing, nor the city's instruction to its officers not to interfere with expressive speech activity outside the leased space, indicates a nexus sufficient to attribute [private actor defendant's] actions to the state"). Glassford does not allege facts that describe what occurred on March 7, 2023, or how the events of that day transpired. Thus, there are no other facts in the complaint that suggest Melissa and Wellington Brito can be held liable as state actors under § 1983.

In addition, the Canton Police Department is not *sui juris*, meaning it is not separate legal entity under Ohio law that can sue or be sued. *Carmichael v. City of Cleveland*, 571 F. App'x 426,

435 (6th Cir. 2014). The police department is just a division of the City of Canton. As a result, Glassford's claims against the Canton Police Department fail as a matter of law. *Id.*

The rest of Glassford's claims under the Fourth and Fourteenth Amendments are asserted against police officers. But Glassford fails to allege sufficient facts for these claims to cross the threshold from possible to plausible. *Twombly*, 550 U.S. at 555. As explained, the complaint contains no facts relating to the incident that resulted in her arrest, nor of the role that each of the officers named as defendants took in her arrest. Glassford simply states that Officer Staten arrested her and the other officers helped. (Doc. No. 1, at 10–12.) Glassford cannot establish the plausible liability of any defendant absent a clear showing that he was personally involved in the activities that form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 46 L.Ed.2d 561 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Glassford's vague allegations are insufficient to make plausible the claim that any of these officers directly participated in conduct which may have violated her constitutional rights.

Finally, Glassford alleges that Officer Shackle has a supervisory role in the Canton Police Department. (Doc. No. 1, at 12.) She contends he oversees and reviews the actions of other officers involved in her arrest. (*Id.*) She claims Officer Shackle was enforcing Ohio's trespassing laws and failed "to properly review and ensure that the arrest and charges against [her] were based on a valid and legally completed eviction." (*Id.*) A defendant cannot be held liable simply because he or she was charged with overseeing a subordinate who may have violated Glassford's constitutional rights. *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)). Instead, individual liability

6

requires some "active unconstitutional behavior" by the defendant. *Id.* (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Because Glassford has not affirmatively plead the direct involvement of Officer Shackle in the allegedly unconstitutional action, the complaint fails to state a claim against this defendant and dismissal is warranted. *See Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) ("Section 1983 liability will not be imposed solely upon the basis of respondeat superior. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.").

### IV. CONCLUSION

For the foregoing reasons, plaintiff's motion to proceed i*n forma pauperis* (Doc. No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), the Court finds an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: February 19, 2025

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT COURT**
**CHIEF JUDGE**